United States District Court

Northern District of California

| | |
|---|---|
| **BALDINI REAL ESTATE, INC.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**FLORO LORENZO CRUZ, JR., ET AL.,**<br><br>    Defendants. | **Case No.: 15-CV-2932 YGR**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AND REMANDING ACTION TO STATE COURT**<br><br>Re: Dkt. Nos. 2, 4 |

Defendant Floro Lorenzo Cruz, Jr. in a *pro se* capacity removed this case from the Superior Court for the County of San Mateo where it was pending as an unlawful detainer action against defendants. Defendant filed a notice of removal on June 24, 2015 (Notice of Removal, Dkt. No. 1 ("NOR")), claiming to invoke this Court's federal question jurisdiction under 28 U.S.C. section 1443(1). Defendant concurrently moved to proceed *in forma pauperis*. (Dkt. No. 2.) On July 9, 2015, plaintiff filed a motion to remand the case to state court. (Dkt. No. 4 ("Mtn.").) Defendant did not respond in opposition and plaintiff likewise did not file any reply.

Presently before the Court are defendant's motion to proceed *in forma pauperis* and plaintiff's motion to remand the case to superior court. The Court having reviewed the papers,[1] and for or the reasons set forth below, **GRANTS** defendant's application to proceed *in forma pauperis*, **GRANTS** plaintiff's motion to remand, and **DENIES** plaintiff's request for attorney fees and costs.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for August 18, 2015.

### I.      Defendant's Motion to Proceed *In Forma Pauperis*

Defendant's application to proceed *in forma pauperis* adequately alleges his poverty. Defendant is self-employed, his monthly expenses appear to exceed his monthly income, and he has one dependent. He does not own a home and has significant outstanding debts. Therefore, defendant qualifies for *in forma pauperis* status, and his application is **GRANTED**.

### II.      Plaintiff's Motion to Remand

Plaintiff argues that remand is appropriate on two separate and independent bases, namely that: (a) the notice of removal was untimely; and (b) plaintiff has not established any basis for subject matter jurisdiction. The Court agrees that remand is warranted on both accounts and addresses each in turn.

#### a.      Timeliness of Removal

The removal statute, 28 U.S.C. section 1446, governs timeliness of removal and provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Failure to file a timely notice of removal waives a defendant's right to remove. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989). Thus, if defendant did not file the notice of removal within 30 days of service of summons, the notice of removal is untimely and the action should be remanded.

Plaintiff argues, and the record shows, that defendant filed the notice of removal more than 30 days after he was served with summons. Specifically, removing defendant was served through substituted service on his co-tenant and co-defendant on May 20, 2015.[2] (*See* Proof of Service of

---

[2] Service was effected on May 20, 2015, on the removing defendant's co-defendant Armie Cruz personally, and by substitute service on Armie Cruz on behalf of the removing defendant Floro Lorenzo Cruz, Jr. (Dkt. No. 4-2.) Removing defendant has not presented any argument that he did not actually receive the complaint on this date. Moreover, regardless of his personal receipt of service, the 30-day deadline to remove the matter runs from this date as the day the first proper defendant (Armie Cruz) was served. *United*

Summons, Exhibit D to Declaration of Jonathan Herschel, Dkt. No. 4-2.)  To be timely under 28 U.S.C. section 1446(b), therefore, defendant's notice of removal would have to have been filed in federal court no later than June 19, 2015.  However, defendant did not file the notice of removal[3] until five days later on June 24, 2015.  Because defendant did not timely file the notice of removal, he waived his right to remove, and the action is due to be remanded on this basis alone.

### b. Subject Matter Jurisdiction

Remand is also appropriate because the Court lacks subject matter jurisdiction over this action.  A defendant in state court may remove an action to federal court so long as the action could have originally asserted subject matter jurisdiction.  28 U.S.C. § 1441(a).  The removing defendant has the burden of proving the basis for the federal court's jurisdiction.  *Nishimoto v. Federaman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).  Removal statutes are strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

In this case, the defendant argues that the Court has subject matter jurisdiction based on a federal question.  The "well-pleaded complaint" rule requires a federal question to be presented on the face of a complaint at the time of removal for federal question jurisdiction to exist.  *Duncan v. Stuetzel*, 76 F.3d 1480, 1485 (9th Cir. 1996).  An anticipated federal defense is not sufficient to confer jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (under the "well-pleaded complaint" rule, a case may not be removed on the basis of a federal defense); *see also Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002) (existence of a defense based on federal law is insufficient to support jurisdiction).  Here, however, the complaint asserts only one state law claim for unlawful detainer, and does not present any federal question.  Defendant also does

---

*Computer Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (recognizing that a majority of courts to address the issue have adopted the "first-served" rule).

[3] The Court notes that the notice of removal does not specify whether co-defendant Armie Cruz joins in the petition for removal, as is required in the normal course.  *See Wisconsin v. Dept. of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all the defendants."); *Ely Valley Mines, Inc. v. Hartford*, 644 F.2d 1310, 1314 (9th Cir. 1981) ("As a general rule, all defendants who may properly join in the removal petition must join.")

not appear to raise a federal defense, and he therefore cites 28 U.S.C. section 1443(1) as a basis for removal.[4]  (*See* NOR.)

28 U.S.C. section 1443(1) permits the removal of certain "civil rights cases."  A petition for removal under section 1443(1) must satisfy a two-part test: (1) "the petitioner must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights;" and (2) the "petitioners must assert that the state courts will not enforce that right," with "reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).

Defendant argues that he will raise a defense to the unlawful detainer action pursuant to his equal rights based *not on race* but on other constitutionally guaranteed rights he claims are protected by 42 U.S.C. section 1981.  (*See* NOR.)  Supreme Court and Ninth Circuit precedent undoubtedly limit removal under section 1443(1) to only cases where it is predicated upon *racial* discrimination.  *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) ("we conclude that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality."); *Patel*, 446 F.3d at 998-99, *supra*.  Defendant acknowledges this authority, but implores the Court to ignore binding precedent and hold otherwise.  The Court declines.  Defendant has therefore failed to establish that this Court has subject matter jurisdiction under 28 U.S.C. section 1443(1) or otherwise.

Accordingly, the Court is without subject matter jurisdiction, and plaintiff's motion to remand is **GRANTED**.

### III. Plaintiff's Request for Attorney Fees

Plaintiff also asks this Court to award reasonable attorney fees and costs incurred in connection with this removal.  The removal statute, 28 U.S.C. section 1447(c), permits an award on remand, but such an award is up to the sound discretion of the district court, and no strong presumption exists in favor awarding fees and costs.  *Martin v. Franklin Capital Corp., et al.*, 546 U.S. 132 (2005).  Although plaintiff did incur attorney fees as a result of this improper removal, the

---

[4] Defendant also cites 28 U.S.C. sections 1350 and 1441 as bases for removal, but then presents no argument in support thereof.  (*See* NOR.)  He therefore does not meet his burden to show removal was appropriate under these alternative theories.

removing defendant is *pro se* and did not oppose plaintiff's motion for remand.  A *pro se* defendant is "entitled to more leeway in his attempt to comply with the removal statute." *Gann Properties, LP v. Coates*, 2013 WL 5754372 at *2 (N.D. Cal. Oct. 21, 2013) (quoting *HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195, at *5 (S.D. Cal. Nov. 10, 2009)).  The Court's conclusion that defendant's removal lacked merit and was procedurally deficient does not require a finding of bad faith or that defendant did not believe he had a reasonable basis to remove. *See Gann Properties*, 2013 WL 5754372 at *2 (a fee award was inappropriate where a tenant in an unlawful detainer action filed an ultimately unsuccessful notice of removal on the eve of state court trial).  The Court is not persuaded that the contours of federal subject matter jurisdiction were obvious to this *pro se* defendant.  Under these circumstances, the Court finds that an award of attorney fees and costs is not appropriate.  Further, an award is not in the interest of a "just, speedy, and inexpensive determination" of the action.  Fed. R. Civ. P. 1.  Plaintiff's fee request is **DENIED**.

This Order terminates this case. The Clerk of the Court is directed to **REMAND** this action to the Superior Court of the State of California, County of San Mateo.

**IT IS SO ORDERED.**

Dated August 12, 2015.

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**